IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ULMER L. ("U. L.") PALMER                                                         PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 2:10cv73KS-MTP

LIBERTY MUTUAL INSURANCE COMPANY;
G. B. BOOTS SMITH, CORPORATION;
and JOHN DOES A through E                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Remand **[#6]** filed on behalf of the plaintiff. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

This is an action for punitive and other extra-contractual damages arising out of the alleged bad faith denial or delay in payment of worker's compensation benefits to the plaintiff, Ulmer L. Palmer ("Palmer"), a Mississippi citizen. Palmer's employer, defendant G.B. Boots Smith Corporation ("Smith"), is a Mississippi resident corporation. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a non-resident of Mississippi. Smith had procured a valid policy of worker's compensation insurance from Liberty Mutual that was in effect at the time of Palmer's accident.

On September 20, 2005, Palmer suffered multiple injuries when he was thrown from a man-lift that he was attempting to load onto a trailer in the course and scope of his employment with Smith.  His injury was timely reported to his employer and to Liberty Mutual, who adjusted and managed the claim.  Palmer ultimately controverted the claim alleging that Liberty Mutual and Smith had not timely paid medical and compensation payments.  The workers' compensation claim was compromised and settled in January of 2010.

Thereafter, on February 11, 2010, Palmer initiated the present action in the Circuit Court for the Second Judicial District of Jones County, Mississippi.  The gravamen of Palmer's state court complaint is that Liberty Mutual and Smith failed to pay disability benefits due him under the Mississippi Workers' Compensation Act in a timely manner.  Palmer has asserted claims for bad faith and breach of fiduciary duty generally against both defendants.

Liberty Mutual timely removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Palmer is a citizen of Mississippi; Liberty Mutual is a Massachuset corporation with its principal place of business in Massachuset; and Smith is a Delaware corporation with its principal place of business in Jones County, Mississippi.  Smith did not join the Removal Petition.  As grounds for removal, Liberty Mutual asserted: (1) that there exists complete diversity between Palmer and Liberty Mutual; (2) that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000; and (3) that Smith, which is a non-diverse defendant, was fraudulently joined and its citizenship should therefore be disregarded for jurisdictional purposes.

Palmer subsequently filed a Motion for Remand in this action, asserting that

Smith was not fraudulently joined and requesting that the subject suit be remanded to State court. The defendant has requested the court deny the Motion for Remand, asserting that Palmer has failed to show any reasonable possibility of recovery against Smith under Mississippi law.

## STANDARD OF REVIEW - REMAND

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that Court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975). Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

### Improper/Fraudulent Joinder

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one.*"  B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

The removing party must show either that there is no reasonable "possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549;(citing *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)(*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964)).

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the resident defendant, Smith. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; and *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549. *See also*, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. *See*

*Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000); and *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against Smith. *Badon*, 224 F.3d at 390.

Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit has held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*)(internal footnotes omitted)(*cert. den.* 125 S.Ct. 1825, 73 USLW 3372, 73 USLW 3612, 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)). However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the

removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

## **ANALYSIS**

The defendant does not contend that there is outright fraud in the plaintiff's pleadings but only that there is no reasonable basis upon which the plaintiff can recover against Smith in state court. The plaintiff's argument in favor of remand is that a cognizable cause of action exists against the non-diverse defendant, Smith. Specifically, the plaintiff cites *Luckett v. Mississippi Wood, Inc.*, 481 So.2d 288 (Miss. 1985), wherein the Mississippi Supreme Court recognized that an aggrieved employee may bring a bad faith refusal action against his employer or his employer's workers' compensation carrier. *Id.* at 290. As noted in plaintiff's brief, this holding has been relied upon in a number of federal court decisions, including *Shepherd v. Boston Old Colony Ins. Co.*, 811 F.Supp. 225 (S.D.Miss. 1992), and *Butler v. Nationwide Mut. Ins. Co.*, 712 F.Supp. 528 (S.D.Miss. 1989). However, as the defendant points out, all of these cases merely hold that an employee <u>may</u> sue his employer for bad faith *if the employee can establish the requisite elements of bad faith*.

In order to establish such a claim, the employee must prove that the employer intentionally refused to pay a claim that was due with reasonable promptness *and* that the employer had no reasonable or arguable basis for its refusal to pay the claim timely. *See Blakeney v. Georgia Pac. Corp.*, 151 F.Supp.2d 736, 741 (S.D.Miss. 2001) (citing *Blue Cross & Blue Shield of Miss., Inc. v. Campbell*, 466 So.2d 833, 847 (Miss. 1984)).

6

The defendant contends that Palmer has failed to present any proof or even specific allegations of fact to support such a claim against Smith. The defendant contends that it handled Palmer's workers' compensation claim in its entirety, and Smith had little if any role in regard to the claims handling and payment activities that are the subject of the state court complaint. For this reason, the defendant argues, Palmer has no viable claim against Smith, and Smith's citizenship must be disregarded for jurisdictional purposes.

The defendant contends that its removal of this action is supported by *Toney v. Lowery Woodyards*, 278 F.Supp.2d 786 (S.D.Miss. 2003), and *Hodges v. The Hartford Ins. Co.*, 2006 WL 1983889 (N.D.Miss., July 12, 2006). In Toney, Judge Lee recognized that the Mississippi Workers' Compensation Act requires employers to secure workers' compensation and, once this insurance is purchased, there can be no cause of action for bad faith against the employer without evidence that the employer actively participated in the acts alleged to constitute bad faith. 278 F.Supp.2d at 794. The employer in that case, which was a non-diverse defendant, offered an affidavit, unrefuted by the plaintiff, establishing that it had no active role in handling or adjusting the underlying workers' compensation claim. *Id*. at 791. Based on this undisputed evidence, the court concluded that the plaintiff had no viable basis for recovery against the employer and thus denied a motion to remand the case to state court and dismissed the non-diverse defendant. *Id*. at 794. Judge Pepper of the Northern District followed Judge Lee's reasoning in disposing of a similar issue in *Hodges*.

Although an employer may theoretically be subjected to liability for bad faith

7

handling of a workers' compensation claim, its liability is not coextensive with its responsibility to secure the payment of compensation within the meaning of the Mississippi Workers' Compensation Law. This court, in *Null v. Zurich American Ins. Co.*, 2007 WL 1826655 (S.D. Miss. 2007), and at least four other judges in the Southern District of Mississippi have held, even though an employer and its carrier may be joint defendants in a workers' compensation claim under the Mississippi Workers' Compensation Law, an employer is not liable for the alleged bad faith of the carrier in handling of the claim. *See Casey v. Rapad Drilling and Well Service, Inc.*, No. 3:05cv98HTW-JCS (S.D. Miss. 2006)(J. Wingate); *Sansone v. Liberty Mutual Ins. Co.*, No. 3:04cv886BN (S.D. Miss. April 5, 2005)(J. Barbour); *Bure v. Employers Insurance Company of Wausau*, No. 5:03cv236-Br-S (S.D. Miss. Mar. 11, 2004)(J. Bramlette); *Toney v. Lowery Woodyards*, 278 F.Supp.2d 786 (S.D. Miss. 2003)(J. Lee).

As this court held in *Null*, "the Mississippi Workers' Compensation Act requires employers to secure workers' compensation coverage and, once this insurance is purchased, there can be no cause of action for bad faith against the employer without evidence that the employer actively participated in the acts alleged to constitute bad faith." 2007 WL 1826655, at *4 (citing *Toney*, 278 F.Supp.2d at 794). "In order to establish such a claim, the employee must prove that the employer intentionally refused to pay a claim that was due with reasonable promptness and that the employer had no reasonable or arguable basis for its refusal to pay the claim timely." *Null*, at *3.

Under Mississippi law an employer cannot be held liable for simply failing to pay worker's compensation benefits. *Casey*, 2008 WL 879733 (citing *Taylor*, 420 So. 2d at

8

66). Rather, to be liable an employer must commit an intentional tort that falls outside the exclusive remedies provision of the Act. *See e.g. Luckett v. Mississippi Wood Inc.*, 481 So.2d 288 (Miss. 1985). Indeed, an employee must plead and prove that the employer, not simply the insurance carrier, (1) denied the plaintiff's "compensable workers' compensation claim without a legitimate or arguable reason" and (2) "the denial of benefits constitutes a willful and intentional or malicious wrong." *Rogers v. Hartford Accid. & Indem. Co.*, 133 F.3d 309, 312 (1998).

In applying this test in *Rogers*, the Fifth Circuit held that "gross negligence", which is typically sufficient in other types of bad faith denial cases, is not sufficient in a workers' compensation case. The court explained:

> Notwithstanding that the Mississippi Supreme Court has indicated "gross negligence" may be sufficient to justify an award of punitive damages and that permitting an independent tort action against insurance carriers in workers' compensation cases is in line with cases allowing punitive damages with bad faith insurance claims, proof of an intentional tort is required to circumvent the exclusive remedies available under the Mississippi Workers' Compensation Law. Allegations sounding in negligence are inadequate.

*Id.* at 312, n.6 (citing *Holland*, 469 So.2d at 57-59; *Luckett,* 481 So.2d at 290; *Peaster v. David New Drilling*, 642 So.2d 344, 348 (Miss.1994)). The plaintiff in *Rogers* did not address the intentional tort requirement on appeal, thus the Fifth Circuit, likewise, did not address it and, instead, remanded the case to the district court for consideration of this requirement. *Id.* at 313, 315.

On remand, Judge Lee specifically examined the proof required to support the intentional tort requirement for proving a bad faith claim. *Rogers v. Hartford Accident & Indemnity Co.*, No. 3:95CV680LN (S.D. Miss. August 6, 1998). The court held that the

9

plaintiff was not required to prove "subjective ill will," but he did have to prove

"recklessness," which the court defined, as follows:

> Although mere negligence will not support an award of punitive damages, recklessness in the handling of a claim may be deemed equivalent to willful misconduct. For the defendant's negligence to be deemed reckless, the lack of care must amount to a positive act, rather than a simple failure to act. Recklessness has been defined as conduct that discloses a conscious indifference to its consequences, without any effort to avoid them. It is essentially "an intentionally done … unreasonable act." … The general rule is that recklessness can amount to willfulness in a tort requiring intentional conduct.

Slip Op. at p. 7 (*quoting* T. H. Freeland, III and T. H. Freeland, IV, *Bad Faith Litigation: A Practical Analysis*, 53 Miss. L. J. 237, 249-50 (1983).

Consequently, when attempting to recover against an employer for bad faith related to the delay or denial of a worker's compensation claim, an employee must plead and prove, not only that the employer (1) denied the plaintiff's "compensable workers' compensation claim without a legitimate or arguable reason" and (2) "the denial of benefits constitutes a willful and intentional or malicious wrong," *see Rogers*, 133 F.3d at 312, but, more specifically, that the employer took some positive act – as opposed to a simple failure to act – that evidenced a conscious indifference to its consequences to the employee and which adversely affected the payment of the employee's claim. *See Rogers*, No. 3:95CV680LN (S.D. Miss. August 6, 1998).

A review of the plaintiff's First Amended Complaint reveals that, although Smith is mentioned a number of times, no underlying facts sufficient to give rise to liability against Smith are presented and, indeed, most of the allegations against Smith must be disregarded. The allegations of the Complaint contain no facts that render a claim against Smith plausible. The paragraphs mentioning Smith all contain nothing more

than the very type of "naked assertion[s] devoid of further factual enhancement", "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and "legal conclusion[s] couched as factual allegation[s], which the Supreme Court specifically held were not sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009). The plaintiff's allegations against Smith do not contain enough well-pleaded facts to permit the court to infer the possibility of misconduct by Smith, much less "show" or "plausibly suggest" that the plaintiff is entitled to relief from Smith, as required by *Iqbal*, 129 S.Ct. at 1950.

The plaintiff points to documents supplied by Liberty which allegedly clearly evidence that Smith's policy included a $25,001.00 deductible per claim and that while Liberty was contractually allowed to pay the first $25,001.00 of the claim, Liberty then would recuperate those advances through a one million dollar ($1,000,000.00) line of credit that Smith was contractually required to provide to cover his deductibles. In fact, the plaintiff asserts that discovery suggests that over the years the line of credit became a bone of contention and Smith was required to increase the amount of his line of credit to secure Liberty's position in paying the first dollar of benefits.

Thus, the plaintiff asserts that unlike the typical "employer" claim, where the insured employer is allegedly attempting to thwart an employee's claim just to improve his claim history and possibly reduce his next year's premium, Smith was protecting its nest egg on a dollar-for-dollar basis. Accordingly, the plaintiff argues that for all practical purposes, for the first $25,001.00 of this claim, Smith was without insurance and merely had Liberty acting as a third party administrator. Thus, he contends that the allegations of the Complaint, supplemented by his argument, clearly make a claim

against Smith for delaying the payment of his claim initially and trying to get the initial medical bills reduced. From the affidavits attached to the plaintiff's brief, Smith contacted the hospital in November 2005 to obtain the bills, did nothing to have these bills paid and asked Palmer to ask the hospital to reduce the medical bills. Therefore, the plaintiff argues that with the deductible discussed herein, all actions were taken for the benefit of Smith and to the detriment of Palmer.

Under Fifth Circuit law, the plaintiff may offer affidavits to clarify or amplify the claims actually alleged in his Amended Complaint at the time of removal; but he may not use them to create additional claims. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999). Affidavits may be used to provide further detail in support of properly pled claims, but they cannot be used to effectively amend the complaint by attempting to state claims that were not properly pled in the complaint. The affidavits provided by the plaintiff go beyond the scope allowed in *Griggs*.

Indeed, even if the affidavits were properly before the court, most of the assertions in the affidavits of Palmer and his wife relate to general as opposed to specific complaints to Smith about the way Liberty, not Smith, was handling Palmers' claim. There is no evidence of what Smith did and certainly no indication that it did anything rising to the level of bad faith. Even if it was guilty of mere negligence in failing to act on Palmer's complaints, such negligence is not sufficient to state a bad faith claim. The only paragraph in either affidavit which purports to show some type of wrongdoing on the part of Smith, refers to an alleged attempt by Smith to negotiate a discount of the plaintiff's charges. This does not constitute bad faith.

Therefore, the statements by the plaintiff notwithstanding, it does not appear to

the court that the he has made independent allegations of misconduct or bad faith against Smith to justify keeping it here. Further, a careful review of the Complaint filed in State court and of the affidavits filed in support of the Motion to Remand do not reveal any such independent allegations which would justify a cause of action against Smith and thus require a remand of this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#6]** filed on behalf of the plaintiff is denied and defendant G.B. Boots Smith Corporation is dismissed with prejudice as being improperly joined.

IT IS FURTHER ORDERED AND ADJUDGED that the stay previously imposed in this matter is lifted and that the parties shall contact Judge Parker within ten days of this order for the entry of a new Case Management Order.

SO ORDERED AND ADJUDGED this the 13th day of July, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE