**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ULMER L. ("U. L.") PALMER**                                                                  **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 2:10cv73KS-MTP**

**LIBERTY MUTUAL INSURANCE COMPANY**                                        **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Second Motion to Remand or in the Alternative, Motion to Vacate Order Denying Remand **[#32]** filed on behalf of the plaintiff, Ulmer L. Palmer.  The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows:

**FACTUAL BACKGROUND**

This is an action for punitive and other extra-contractual damages arising out of the alleged bad faith denial or delay in payment of worker's compensation benefits to the plaintiff, Ulmer L. Palmer ("Palmer"), a Mississippi citizen.  Palmer's employer, former defendant G.B. Boots Smith Corporation ("Smith"), is a Mississippi resident corporation.  Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a non-resident of Mississippi.  Smith had procured a valid policy of worker's compensation

insurance from Liberty Mutual that was in effect at the time of Palmer's accident.

On September 20, 2005, Palmer suffered multiple injuries when he was thrown from a man-lift that he was attempting to load onto a trailer in the course and scope of his employment with Smith.  His injury was timely reported to his employer and to Liberty Mutual, who adjusted and managed the claim.  Palmer ultimately controverted the claim alleging that Liberty Mutual and Smith had not timely paid medical and compensation payments.  The workers' compensation claim was compromised and settled in January of 2010.

Thereafter, on February 11, 2010, Palmer initiated the present action in the Circuit Court for the Second Judicial District of Jones County, Mississippi.  The gravamen of Palmer's state court complaint is that Liberty Mutual and Smith failed to pay disability benefits due him under the Mississippi Workers' Compensation Act in a timely manner.  Palmer has asserted claims for bad faith and breach of fiduciary duty generally against both defendants.

As grounds for removal, Liberty Mutual asserted: (1) that there existed complete diversity between Palmer and Liberty Mutual; (2) that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000; and (3) that Smith, which is a non-diverse defendant, was fraudulently joined and its citizenship should therefore be disregarded for jurisdictional purposes.

Palmer subsequently filed a Motion for Remand, asserting that Smith was not fraudulently joined and requesting that the subject suit be remanded to State court.  On July 13, 2010, this court entered a Memorandum Opinion and Order, denying Palmer's Motion to Remand and ordering Smith "dismissed with prejudice as being improperly

joined. *Palmer v. Liberty Mutual Ins. Co.*, 2010 WL 2773381 (S.D. Miss. July 13, 2010).

On August 18, 2010, the Magistrate Judge entered a Case Management Order, which enlarged the time for Liberty to file its pre-discovery disclosures until September 1, 2010. On September 1, 2010, Liberty timely served its pre-discovery disclosures which included over 2,100 pages of documents, together with a privilege log. On October 26, 2010, Palmer filed the Second Motion to Remand, together with 11 exhibits. On November 15, Palmer filed a Supplemental Exhibit to Motion, attaching an additional exhibit in support of the Second Motion to Remand.

In the Second Motion to Remand, Palmer argues that the court lacks jurisdiction and moves the court for remand "on the grounds that diversity of citizenship existed in the original Complaint filed in state court." Alternatively, Palmer requests the court to vacate the Order Denying Remand, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, because Liberty's "removal and response to remand has now been discovered to be based upon inaccurate or false data."

## STANDARD OF REVIEW

A motion challenging a prior judgment or order in a case should be treated as either a motion to "alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). *Joe v. Minnesota Life Ins. Co.*, 272 F.Supp.2d 603, 604 (S.D. Miss. 2003) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991)). The proper denomination of the motion is determined by the time within which the motion is served. If the motion is served within ten days of the rendition of judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b). *See Ford v.*

*Elsbury*, 32 F.3d 931, 937, n.7 (5th Cir. 1994).

Since Palmer filed the Second Motion to Remand over three months after the court entered the Order Denying Remand, Palmer's only recourse is a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure.  "A motion under this rule is an extraordinary motion and the requirements of the rule must be strictly met."  *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992).  The rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason justifying relief.

Palmer's request for relief under Rule 60(b) is premised on purported new evidence and/or alleged misrepresentations made by Liberty Mutual.  Therefore, his request for relief is controlled by the standards prescribed in subsections (2) and (3) of Rule 60(b) set forth above.

## ANALYSIS

In *Jordan v. Am. Suzuki Motor Corp.*, 2007 WL 3231651 (S.D. Miss. Oct. 30, 2007), this court addressed arguments virtually identical to those advanced by Palmer in this case, i.e., alleged newly discovered evidence and allegations of fraud to obtain relief from an order denying remand.  This court summarized the applicable standard for determining whether a plaintiff is entitled to relief pursuant to Rule 60(b)(2) and (3):

> To prevail under Rule 60(b)(2), a movant 'must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.' *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir.2003). The movant must show that they exercised due diligence in seeking the relevant evidence, as the 'unexcused failure to produce the relevant evidence at the original trial can be sufficient without more to warrant denial of a rule 60(b) motion.' *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 999 (5th Cir.2001) (citations omitted). If the newly discovered evidence is merely cumulative as to material already in evidence, the judgment will not be disturbed. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 640 (5th Cir.2005).
>
> * * *
>
> To prevail under Rule 60(b)(3), the plaintiff must produce 'clear and convincing evidence' that the opposing side 'engaged in fraud or other misconduct' that prevented them from presenting their case. *Sangi v. Fairbanks Capital Corp.*, 219 Fed. Appx. 359, 362 (5th Cir.2007).

*Jordan*, 2007 WL 3231651, at *2.  The decision as to whether to grant relief under either section, (b)(2) or (3), of Rule 60(b) "lies within the sound discretion of the district court and will be reversed only for abuse of that discretion."  *Id.*  (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc) (other citations omitted).

Palmer's Second Motion to Remand is premised, in large part, on various documents produced by Liberty Mutual in its pre-discovery disclosures which Palmer claims substantiate Smith's self-administration of Palmer's workers' compensation

5

claim.  The documents include excerpts from Liberty Mutual's claim notes that were previously redacted, a fax from Bottrell Insurance to Liberty Mutual dated October 5, 2005, and correspondence from Smith to Liberty Mutual dated November 2, 2005.  Palmer also relies on a non-renewal notice from Liberty Mutual to Smith dated October 31, 2005, which was recently filed as a Supplemental Exhibit to the Second Motion to Remand.

Liberty Mutual argues that Palmer has not shown, and cannot show, that the so-called newly discovered evidence submitted in connection with the Second Motion to Remand is "material and controlling and clearly would have produced a different result" had it been considered by the court in deciding the Motion to Remand.  Liberty Mutual also contends that Palmer has not even attempted to explain why the evidence could not have been previously obtained during the remand-related discovery conducted between the parties prior to completion of the remand briefing.

Palmer claims that on or about September 1, 2010 (allegedly three weeks after the "deadline" for initial disclosures and two weeks after the case management conference)[1], Liberty Mutual produced its internal claim notes on the Palmer claim.  Palmer argues that the notes were littered with inexplicable redactions, sometimes even redacting small portions of sentences or short sentences within; that sometimes the redactions blacked out entire pages; and that numerous documents were withheld in their entirety.

Palmer was injured on September 25, 2005, and he subsequently filed a Petition

---

[1] Contrary to Palmer's contention, the record reflects that Liberty Mutual complied with the Case Management Order in providing the initial disclosures.

to Controvert with the Mississippi Workers' Compensation Commission. The comp case was not concluded until January, 2010. Liberty Mutual contends that its claim file, was over 2,100 pages, and included Liberty's paper claim file and electronic claim notes. Liberty Mutual argues that since its documents related to a litigated worker's compensation claim, there were numerous documents and entries containing privileged matters in its claim file; that the privileged matters were redacted; and that Liberty Mutual timely served the pre-discovery disclosures to Palmer on September 1, 2010,[2] along with a privilege log.

Palmer's counsel objected to certain redactions, and, as noted by Palmer in his brief in support of the Second Motion to Remand, counsel for Liberty Mutual, in good faith, voluntarily agreed to review the redactions and to produce certain documents considered to be privileged. Palmer now claims that those documents prove that Smith self-administered his claim and support remand of this case.

The communications Liberty Mutual redacted in its original production under a claim of joint defense privilege clearly related to communications, and computer entries containing communications, between Liberty Mutual and Smith following the filing of Palmer's worker's compensation claim. The court agrees with Liberty Mutual that at that point in time, both parties were arguably engaged in what could be considered a joint defense effort. The joint defense privilege is a valid privilege. *See e.g., Killebrew v. City of Greenwood,* 1997 WL 208140, at *2 (N.D. Miss. April 11, 1997) ("The common interest rule, also known as the joint defense privilege, preserves the confidentiality of

---

[2] The court has previously addressed the timeliness of Liberty Mutual's initial disclosure filing.

communications between two or more parties and their attorneys who are engaged in a joint defense effort. It has been widely accepted by courts throughout the United States.") (citations omitted).

As those communications were privileged, Liberty Mutual had a valid basis for redacting them. Notwithstanding, Liberty Mutual subsequently voluntarily produced them, as Palmer now acknowledges. The court also notes that the documents were redacted and produced after the case management conference, which was after the court had already denied Palmer's Motion to Remand.

Palmer obviously misconstrues the basis of the original removal. Liberty Mutual plainly opposed the original Motion to Remand on the grounds that Palmer had not alleged a sufficient claim against Smith under Rule 12(b)(6), *Twombly and Iqbal*, and this court agreed. Therefore, Liberty Mutual is correct that the contents of the documents relied upon by Palmer are irrelevant to the removal/remand issue. The court held in its Order Denying Remand, that Palmer's Complaint did not allege a viable claim against Smith. Thus, the affidavits or other documents that Palmer is now trying to rely on in support of the Second Motion to Remand cannot be considered post-removal for the purpose of supporting the original claims stated in the Complaint.

Further, even if considered by the court, the documents relied on by Palmer, including claim notes and communications involving Liberty Mutual, Smith and Bottrell Insurance Agency, would not affect the conclusions reached by the court in its Order Denying Remand. The documents merely reflect that Smith initially intended to self-administer or "pay" Palmer's claim in-house, presumably to avoid filing a claim with Liberty Mutual which might have resulted in higher premiums to Smith.

Thus, even assuming, for the sake of argument, that Smith attempted to self-administer various claims of its workers, such action, in and of itself, would not create a viable cause of action against Smith in this case for bad faith.  As advised by Liberty Mutual in the Non-renewal Notice issued to Smith on October 5, 2005, Liberty Mutual had the "right and duty to adjust all claims" pursuant to the terms of the policy, not Smith.  Therefore, even if Smith was initially involved in the handling of Palmer's claim for a limited time, Liberty Mutual was ultimately responsible for the administration of the claim.

There are no documents or other evidence which show that Smith was involved in trying to self-administer Palmer's claim after October 25, 2005.  Palmer was injured on September 25.  Smith reported the injury to the Mississippi Worker's Compensation Commission and to Liberty Mutual within two weeks of the injury.  The documents, if considered, do tend to show that Smith wanted to initially pay Palmer's claim in-house.  However, the record establishes that Liberty Mutual was completely involved in and administering Palmer's claim within thirty days of his injury and had advised Smith to keep its hands off the claim.  There is no indication that there was any interference by Smith in the payment of Palmer's claim which would rise to the level of bad faith as the court has previously found.  The documents in question constitute another attempt by Palmer to assert claims that were not properly pled in the Complaint.  Therefore, the documents are irrelevant to the issues before the court.

Palmer also requests the court to vacate its prior order denying remand, because the "removal and response to remand has now been discovered to be based upon inaccurate or false data."  Palmer argues that after Liberty Mutual produced the

un-redacted claim notes, he learned that Liberty Mutual had made false statements in its Answer, Notice of Removal, and Brief in Opposition to Remand. According to Palmer, those false statements caused the court to conclude that Palmer had no viable claim against Smith. The court finds that Palmer's personal attacks on Liberty Mutual's counsel and his allegations of misrepresentation and fraud are not only inappropriate, they are unwarranted and have no basis in fact.

In *Casey v. Liberty Mutual Ins. Co.*, Judge Wingate succinctly summarized the law pertaining to the potential liability of an employer for workers' compensation benefits:

> In the absence of malfeasance on the part of the employer, Mississippi law clearly states that an insurance carrier, and not the employer, is liable for wrongfully-denied claims for workers' compensation … benefits. Under Mississippi statutory and common law, employers are required to procure workers' compensation insurance. *Christian v McDonald*, 907 So. 2d 286, 289 (Miss. 2005); *McCoy v. Cornish*, 71 So. 2d 304, 307-08 (Miss. 1954); Miss. Code Ann. §71-3-75(1)(2000). Once an employer has secured workers' compensation insurance, Mississippi statutory law states, '[T]he payments of claims, including the deductible amounts, shall be made directly from the insurance company to the employee … .' Miss. Code Ann. §71-3-77(1). Applying this statute, the Fifth Circuit determined that 'when a carrier knows of the injury of an insured's employee's, and the insured does not controvert the injury, the [insurance] carrier has a duty to begin paying benefits directly to the injured employee.' *Rogers v. Hartford Accid. & Indem. Co.*, 133 F.3d 309, 313 (1998) (emphasis added). The *Rogers* court added that the insurance carrier alone owes a duty to promptly pay workers' compensation benefits to an injured employee or his beneficiary. *Id*. The *Rogers* holding is controlling in the instant matter. Absent any malfeasance on the part of [the employer], [the carrier] is singularly liable to plaintiff for her asserted claims.

*Casey*, No. 3:05-cv-0098, slip op. at 5-6 (S.D. Miss. March 17, 2006)).

Clearly, Liberty Mutual is the entity who was responsible for administering Palmer's worker's compensation claim. The record reveals that Liberty Mutual

assumed that responsibility and acted accordingly.  Whether Liberty Mutual is guilty of bad faith in the handling of the claim is a matter for another day.  What is also clear is that Smith was not responsible for administering the claim and whatever meddling Smith did in the initial stages of the claim is insufficient to support a bad faith claim against it (Smith).  The evidence indicates that Smith had limited involvement with Palmer's claim, but that does not change the fact that Liberty was the party contractually responsible for administering the claim and "singularly liable" to Palmer for the payment of claim.  *See, Casey, supra*.

After a through review of the pleadings, the court finds that Palmer has failed to show that Liberty Mutual has filed any false or inaccurate data.  Let alone has Palmer done so by the requisite clear and convincing standard under the rule.  The denials set forth in the initial pleadings of Liberty Mutual are clearly in conformity with the facts now asserted by Liberty Mutual in the defense of this case.  Palmer's attempt to twist those allegations and denials into false or fraudulent information is simply disingenuous.

## **CONCLUSION**

The court finds that Palmer's Second Motion to Remand and alternative motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure should be denied, because the documents relied on by Palmer, even if considered, would not have produced a different result if they had been present before the court at the time the Motion to Remand was decided.  Further, Palmer has failed to show how the purported newly discovered evidence could not have been discovered previously through due diligence.  Finally, Palmer has not produced clear and convincing evidence to show that

he was a victim of fraud, misrepresentation or other misconduct by Liberty Mutual. This court has already ruled that Palmer failed to sufficiently plead a claim against Smith in the Complaint.  Absolutely nothing has changed in that regard.

    IT IS THEREFORE ORDERED AND ADJUDGED that the Second Motion to Remand or in the Alternative, Motion to Vacate Order Denying Remand filed on behalf of the plaintiff, Ulmer L. Palmer, is denied.

    SO ORDERED AND ADJUDGED this the 25th day of January, 2011.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE